UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILFRED SEGURA** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **MAG. JUDGE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Complainant, **Wilfred Segura**, a resident domiciliary of the State of Louisiana, Parish of Iberia, complaining of **Life Insurance Company of North America** ("Cigna"), a foreign insurer licensed to do and doing business in the State of Louisiana which may be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809, respectfully represents the following:

I.

This Honorable Court has jurisdiction under 29 U.S.C. 1132(e)(1).

II.

Venue is proper in our Western District under 29 U.S.C. 1132(e)(2).

III.

On September 16, 2015, Your Plaintiff, Mr. Segura injured his back while working for his former employer, Schlumberger Technology Corporation.

IV.

This work accident caused disabling injuries.

V.

Through his employment with Schlumberger Technology Corporation, Mr. Segura is a Plan "participant" and "beneficiary" under a Long Term Disability Plan and/or policy of insurance.

VI.

This disability Plan and/or policy, upon information and belief, Plan Number NHD-0986091, is governed by, as alluded to in paragraph I of this Complaint, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1001 *et seq.*

VII.

Inasmuch as Cigna administers Mr. Segura's claim for disability benefits, and has authority to grant or deny this claim, Cigna sits as "fiduciary" for ERISA purposes and is therefore proper party-Defendant herein.

VIII.

Acting in this administrative capacity, Cigna has denied Mr. Segura's claim for continued (and past) benefits and has "closed" and rendered final his most recent Administrative Appeal.

IX.

Your Plaintiff, related to the previous paragraph, has exhausted administrative remedies, here.

X.

Your Plaintiff contends, as was advanced during Cigna's administrative process (and as the Administration Record reflects), that he fits the definition of "disabled" under the Plan and/or policy in question, and as such is entitled to full disability benefits.

XI.

The administrative decision in question was not only wrong on the merits but was arbitrary and capricious, as well, and therefore the following recovery is proper pursuant to applicable remedies in the ERISA statute, referenced herein:

    a.    Full long-term disability benefits pursuant to the Plan in question and in light of Mr. Segura's continuing disability, past and future with interest;

    b.    Attorney's fees and costs (pursuant to 29 U.S.C. 1132(g)(1));

    c.    Any and all applicable penalties;

    d.    Any and all other equitable and/or legal relief allowable; and,

    e.    Other damages as may be proven at trial.

WHEREFORE, Your Complainant prays that the Defendant, **Life Insurance Company of North America** be duly cited and served with a copy of the Complaint and after due proceedings had, there be judgment in favor of Complainant, **Wilfred Segura**, in a true and full sum which is reasonable under the circumstances, together with legal interest from the date of administrative and/or judicial demand, reasonable attorney fees and costs, and for all general and equitable relief.

**Respectfully submitted,**
**CHRISTOPHER T. LEE**
**Professional Limited Liability Company**

_____
CHRISTOPHER T. LEE #21707
Post Office Box 3525
Lafayette, Louisiana 70502-3525
Telephone:   (337) 232-2390
Fax:   (337) 232-2375
Attorney for Wilfred Segura

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Kristi S., adjuster for Cigna, by email.

_____
CHRISTOPHER T. LEE